### LESHER et al. v. RADEL.

(Circuit Court, D. Rhode Island. June 8, 1909.)

No. 2,669.

ATTORNEY AND CLIENT (§ 99*)—RECEIVING PAYMENT OF JUDGMENT—AUTHORITY TO DISCHARGE JUDGMENT.

An attorney, who has recovered a money judgment in favor of his client, has general authority to receive money, or a certified check, which is the equivalent of money, in payment of the judgment, and to satisfy the same of record, but has no right, without express authority, to accept as part payment outstanding notes of his client held by the defendant; and where he does so, and satisfies the judgment, the satisfaction will to that extent be set aside on motion of the plaintiff and on return of such notes.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 200, 201; Dec. Dig. § 99.*

Authority of attorney after judgment, see note to Brown v. Arnold, 67 C. C. A. 130.]

On Motion to Set Aside Satisfaction of Judgment.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William H. Thornley, Peter G. Gerry, and Gardner, Pirce & Thornley, for plaintiffs.

T. F. I. McDonnell, for defendant.

BROWN, District Judge. This is a motion to set aside an entry of satisfaction of judgment.

The judgment was for the sum of $16,651.31. The attorneys for the plaintiff received in payment of this judgment the sum of $12,833.31 by certified check, and for the balance, $3,818, they accepted two notes of Thomas M. Lesher, dated respectively September 17, 1901, and January 15, 1889, allowing interest thereon.

It seems well settled that an attorney of record, by virtue of his general authority, has the right to receive the amount due on judgment and satisfy the judgment. It also seems clear that he has no right, without the express authority of his client, to receive individual notes in satisfaction of the judgment. Upon a money judgment he is, by virtue of his general authority, entitled to receive money, but not to recognize as valid, or as the equivalent of money, outstanding notes of his client held by the judgment debtor.

So far as the entry of satisfaction of judgment was based upon these notes, with interest thereon, it was unauthorized. I am of the opinion, however, that the receipt of the sum of $12,833.31, in the form of a certified check on the Old National Bank of Providence, was a money payment which the attorney, under his general authority, might receive.

In support of the motion it is urged that under his general powers the attorney had no authority to effect a compromise of his client's claim, and it is contended that in this case the attorney entered into an agreement of compromise without authority. The facts in this case fail to show that any attempt was made by the attorney to compromise the plaintiff's claim to the full amount of the judgment. There was no dispute as to the amount of the judgment, nor as to its validity.

In Fire Insurance Company v. Wickham, 141 U. S. 564, 577, 12 Sup. Ct. 84, 87, 35 L. Ed. 860, it was said:

"If there be a bona fide dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim; but where the larger sum is admitted to be due, or the circumstances of the case show that there was no good reason to doubt that it was due, the release of the whole upon payment of a part will not be treated as a compromise, but will be treated as without consideration and void."

See, also, Chicago, Milwaukee, etc., Ry. Co. v. Clark, 178 U. S. 353, 20 Sup. Ct. 924, 44 L. Ed. 1099.

The transaction lacks all the elements of a compromise. Throughout the judgment was treated as a liquidated amount due from the defendant, which was to be paid in full. The notes which the attorneys accepted in payment were taken at their face value, with interest. Neither claim was diminished, and the validity or amount of the judgment was not in question. The simple fact is that the attorneys received the plaintiff's notes at their face value as the equivalent of cash. This they had no authority to do; and under the circumstances develop-

ed by the evidence upon the oral hearing of the motion the validity of these notes is by no means free from doubt.

I am of the opinion that the entry of satisfaction of judgment should be so amended as to show a satisfaction only to the extent of $12,833.-31, and that the record should be amended so as to show an unsatisfied balance of $3,818. The notes of Thomas M. Lesher should, of course, be returned to the defendant Radel, in order that he may take such steps in this court or elsewhere as he may be advised are necessary to establish his rights upon these notes.

A draft order may be presented accordingly.